Filed 4/14/22  P. v. Hood CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>CEDRIC DESMOND HOOD,<br><br>　　　Defendant and Appellant. | B316651<br><br>(Los Angeles County<br>Super. Ct. No. TA071346) |

THE COURT:

In 2003, a jury convicted Cedric Desmond Hood (defendant) of one count of murder (Pen. Code, § 187, subd. (a)).[1]  The jury

---

[1]　All further statutory references are to the Penal Code unless otherwise indicated.

also found true the allegation that defendant personally and intentionally discharged a firearm which proximately caused great bodily injury and death (§ 12022.53, subd. (d)). The trial court sentenced defendant to state prison for 50 years to life (25 years for the murder plus 25 years for the firearm enhancement). As part of the sentencing, the court imposed a $9,000 restitution fine (§ 1202.4, subd. (b)), ordered defendant to pay direct restitution to the victim's family in the amount of $500 (§ 1202.4, subd. (f)), and imposed but stayed a $9,000 parole revocation fine (§ 1202.45).

On appeal, a prior panel of this division of the Court of Appeal affirmed the judgment. (*People v. Hood* (Oct. 19, 2004, B172478) [nonpub. opn.].)

In October 2021, defendant filed a petition to dismiss the restitution and parole revocation fines pursuant to Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill 1869), which is a bill that added, amended or repealed various statutes related to fees imposed by the courts on convicted defendants.

The trial court summarily denied defendant's motion.

Defendant filed a timely notice of appeal. We appointed appellate counsel for defendant. Citing *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), counsel filed an opening brief setting out the procedural history of this case, and a declaration indicating that counsel had "reviewed the entire record," had found no "arguable issues to raise on appeal" and had informed defendant "of his right to file a supplemental brief."

Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040 (*Cole*),

2

review granted Oct. 14, 2020, S264278; see *Serrano, supra*, 211 Cal.App.4th at p. 503.) However, we do review any contentions or arguments made if the defendant files his or her own supplemental brief or letter. (*Cole*, at p. 1040.)

We notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter setting forth any grounds for appeal, contentions, or arguments he might wish to have considered. To date, no such brief or letter has been filed.

Because neither defendant nor appellate counsel identified an issue warranting reversal, we may treat the appeal as abandoned. (*Cole, supra*, 52 Cal.App.5th at p. 1039.)

Although we have concluded, consistent with *Cole*, that dismissal is appropriate without more, we are mindful that our Supreme Court is currently deciding whether such a dismissal is appropriate or whether a further, independent examination of the record is instead required. (See *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) In an abundance of caution, we have independently examined the entire record and are satisfied that defendant's appellate counsel has fully complied with their responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441-443.)

The sole argument defendant made in his trial court filing was that Assembly Bill 1869 warranted the dismissal of his $9,000 restitution fine under section 1202.4, subdivision (b); the $500 of direct restitution award to the victim's family; and the $9,000 parole revocation fine. This argument lacks merit. Assembly Bill 1869 enacted Penal Code section 1465.9; a year later, our Legislature amended that same section. As it reads now, section 1465.9 eliminates the "balance of any court-imposed

3

*costs*" against a convicted defendant under a variety of statutes,[2] including the restitution statute but not including the imposition of a parole revocation fine.  (§ 1465.9, subds. (a) & (b) italics added.)  Even where it applies, section 1465.9's relief is limited to "court-imposed costs"; it does *not* eliminate the restitution fine itself or an award of direct restitution to victims.  In the subsequently enacted amendment, our Legislature made explicit that its use of the term "court-imposed costs" in section 1465.9 was meant solely to "eliminate the range of *administrative fees* that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of *administrative fees*."  (Stats. 2021, ch. 257, § 2, italics added.)  Consequently, neither the restitution fine nor direct restitution award are affected by Assembly Bill 1869.

## DISPOSITION

The appeal is dismissed.

_____

LUI , P. J.,        ASHMANN-GERST, J.,        HOFFSTADT, J.

_____

[2]        Section 1465.9 does not include section 1202.45 which authorizes the imposition of a parole revocation fine.  (§ 1465.9.)